IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KYMM M. EHLER,<br><br>    Plaintiff,<br><br>vs.<br><br>WHEATON FRANCISCAN<br>MEDICAL PLAN, COVENANT<br>MEDICAL CENTER, INC., and<br>WHEATON FRANCISCAN<br>SERVICES, INC.,<br><br>    Defendants. | No. C08-2021<br><br>ORDER REGARDING DISCOVERY |

This matter comes before the Court on the Motion to Compel Discovery Responses (docket number 25) filed by the Plaintiff on February 2, 2009 and the Motion for Protective Order (docket number 30) filed by the Defendants on February 9, 2009. Pursuant to Local Rule 7.c, the motions will be decided without oral argument.

## *ISSUE PRESENTED*

In her Motion to Compel Discovery, Plaintiff Kymm M. Ehler requests that the Court order Defendant Wheaton Franciscan Medical Plan ("Wheaton") to provide information and documents regarding the "drafting history" of modifications to the plan, which became effective on January 1, 2008. Defendants argue that Ehler is not entitled to discovery in an ERISA benefits review action, and further argue that the discovery sought by Ehler is irrelevant to any issue in this case. In their Motion for Protective Order, Defendants ask that Plaintiff be prohibited from taking a Rule 30(b)(6) deposition on these issues.

## PROCEDURAL HISTORY

On April 9, 2008, Ehler filed a Complaint (docket number 1) in four counts. Count I is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and seeks entitlement to health benefits. Ehler also brought common law claims of breach of written contract (Count II), breach of oral or implied contract (Count III), and promissory estoppel (Count IV). Defendants Wheaton Franciscan Medical Plan, Covenant Medical Center, Inc., and Wheaton Franciscan Services, Inc. filed their Answer (docket number 3) on June 30, 2008.

On August 11, 2008, the Court adopted a scheduling order and discovery plan submitted by the parties. A jury trial was scheduled for May 18, 2009.

On January 16, 2009, Defendants filed a motion for summary judgment, seeking summary dismissal of all counts. Prior to responding to the motion for summary judgment, Ehler filed a motion to voluntarily dismiss the common law counts, with prejudice. Ehler's motion was granted and Counts II, III, and IV were dismissed by the Court on February 2, 2009. *See* Order (docket number 24).

Following dismissal of the common law claims, Defendants moved to strike the jury demand and remove the case from the trial calendar. The Court granted the motion on March 4, 2009. *See* Order (docket number 44). In addition, since the ERISA claim is the only remaining count, the Court denied the motion for summary judgment as moot and directed the parties to submit a proposed briefing order.[1]

On March 16, 2009, the Court adopted a Scheduling Order (docket number 46) submitted by the parties. The briefing will be completed by May 8, 2009 and the case will be fully submitted to the Court at that time.

---

[1] Defendants filed a motion for attorney fees and costs "incurred by the Defendants in preparing that portion of their Motion for Summary Judgment related to Counts II-IV." *See* docket number 28. That motion remains pending before the District Court.

## RELEVANT FACTS

The facts underlying the instant motions are generally undisputed. Plaintiff Kymm M. Ehler is employed at Defendant Covenant Medical Center, Inc. as a nurse. Ehler participates in Covenant's employee welfare benefit plan, which includes a health insurance benefit. The Plan is Defendant Wheaton Franciscan Medical Plan, which is administered by Defendant Wheaton Franciscan Services, Inc.

In December 2006, Ehler was diagnosed with breast cancer. She underwent a right breast mastectomy in December 2006 and a left breast mastectomy in January 2007. Also in January 2007, Ehler was diagnosed with multiple liver metastases. After receiving chemotherapy, an MRI revealed that the metastatic lesions to the liver had improved. A single lesion remained, but it had decreased in size.

Ehler's oncologist referred her to the University of Iowa Hospitals and Clinics for additional consultation. A surgeon at the University of Iowa recommended radio frequency ablation of the residual liver tumor, as well as intraoperative ultrasound, liver biopsy and cholecystectomy consequential to the radio frequency ablation procedure. In July 2007, Ehler sought authorization from Defendants for the radio frequency ablation and related services.

Pursuant to the terms of the Plan, claims are initially handled by a third party administrator, Claims Management Services ("CMS"). CMS denied Ehler's request for authorization, concluding that "the proposed surgical treatment would be experimental and is not medically necessary." Ehler underwent the procedures on July 20, 2007.[2]

On August 14, 2007, Ehler submitted a "first level of appeal." Pursuant to the terms of the Plan, CMS determined the first level of appeal. Based on the terms of the

---

[2] According to Ehler's complaint, the request for pre-authorization was verbally denied on July 20, 2007, "approximately 3 hours after the surgery commenced." *See* Complaint, ¶ 13 (docket number 1 at 3).

Plan and on an "outside review opinion," CMS denied the appeal in a letter dated September 18, 2007.

On October 18, 2007, Ehler initiated a "second level appeal." Under the terms of the Plan, a second level appeal is decided by Wheaton's Appeals Committee. After considering additional external reviews, the Appeals Committee "determined the denial should be upheld because the procedure would be considered experimental in nature and not medically necessary under the terms of the Plan."

### REQUESTED DISCOVERY

In a second set of interrogatories, Ehler sought information regarding a document entitled *Summary of Material Modifications to the Wheaton Franciscan Medical Plan*, dated July 2008. Specifically, Ehler requested information regarding the "drafting history" of the document, the "author or authors" of the document, and a description of "all documents, literature, and publications reviewed in connection with the drafting" of the document.[3] In a corresponding second request for production of documents, Ehler sought production of all documents identified in Defendants' responses to Interrogatories Numbers 13 and 14.[4]

In addition, Ehler submitted a second request for admissions, asking that Wheaton admit that the radio frequency ablation treatment for metastatic liver cancer received by Ehler "would not be deemed 'Experimental or Investigational' under the definitions of those terms as set forth in the document entitled *Summary of Material Modifications to the Wheaton Franciscan Medical Plan*, dated July 2008."[5] Wheaton refused to provide the

---

[3] *See* Interrogatory Numbers 11, 12, 13, and 14 attached to Ehler's Motion to Compel Discovery as Exhibit A (docket number 25-2 at 4-6).

[4] *See* Request for Production of Documents Numbers 5 and 6, attached to Ehler's Motion to Compel Discovery as Exhibit B (docket number 25-2 at 9).

[5] *See* Request for Admissions Number 8, attached to Ehler's Motion to Compel
(continued...)

4

requested information, and refused to respond directly to the request for admission, asserting that any reference to the July 2008 plan is irrelevant to any claim or defense in this action and is not reasonably calculated to lead to the discovery of admissible evidence.

## DISCUSSION

It is undisputed that the Plan providing health insurance benefits to Ehler was modified effective January 1, 2008. Ehler apparently hopes to establish that when the Appeals Committee denied her claim in November 2007, it knew that the Plan would be changing effective on January 1, 2008. "Plaintiff submits that had Ms. Ehler's claim been considered under the new terms of the plan, there would have been no reason to deny it."[6] Wheaton argues that even if that is true, "[t]he individuals deciding Plaintiff's claim were required to consider and decide the claim under the Plan in effect in 2007."[7]

The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa 1992) ("Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'").

---

[5](...continued)
Discovery as Exhibit C (docket numer 25-2 at 11).

[6] *See* Plaintiff's Resistance to Defendant Wheaton Franciscan Medical Plan's Motion for Protective Order at 2 (docket number 33 at 2).

[7] *See* Defendant's Combined Brief in Support of Resistance to Motion to Compel and Motion for Protective Order at 6 (docket number 30-4 at 6).

The scope of discovery in an ERISA case, however, "must be viewed in the light of the evidence that is admissible in ERISA cases." *Galm v. Eaton Corp.*, 360 F. Supp. 2d 978, 982 (N.D. Iowa 2005) (quoting *Hawkins v. Arctic Slope Reg'l Corp.*, 344 F. Supp. 2d 1331, 1337 (M.D. Fla. 2002)). That is, since the evidence which is admissible in a benefits review ERISA case is limited, the scope of discovery is similarly limited. *Fitts v. Federal National Mortgage Assn.*, 204 F.R.D. 1, 4 (D.D.C. 2001) ("The scope of discovery in ERISA cases permitted is simply not the same as the discovery permitted by FED. R. CIV. P. 26(c).").

In this case, the Plan administrator has discretion in determining whether the benefits should be paid. Accordingly, the Court reviews the administrator's action for an abuse of discretion. *Wakkinen v. UNUM Life Ins. Co. of America*, 531 F.3d 575, 580 (8th Cir. 2008) (finding an abuse of discretion standard appropriate when an ERISA plan grants discretionary authority to the plan administrator to determine eligibility for benefits). As noted by the Court in the only case cited by Ehlers in support of her motion, in deciding whether the administrator's denial of benefits was arbitrary or capricious, the Court limits its review to the evidence that was before the Plan administrator. *Collins v. Central States SE & SW Health & Welfare Fund*, 18 F.3d 556, 560 (8th Cir. 1994).

Generally, in an ERISA benefits-denial case, the district court may not consider evidence which is not contained in the administrative record. "Such additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to 'ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators.'" *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (quoting *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641-42 (8th Cir. 1997)). "A district court may admit additional evidence in an ERISA benefit-denial case, however, if the plaintiff shows good cause for the district court to do so." *Id. See also Rittenhouse v. United Health Group Long-Term Disability Insurance Plan*, 476 F.3d 626, 630 (8th Cir. 2007) ("In an ERISA benefits-denial case,

a district court may consider evidence not in the administrative record 'if the plaintiff shows good cause' for its omission."); and *Meylor v. Hartford Life Group Insurance Co.*, 444 F. Supp. 2d 963, 967 n.1 (N.D. Iowa 2006).

Ehler suggests that the Appeals Committee must have known about the upcoming plan modifications when it made its decision to deny Ehler's claim for benefits.[8] What Ehlers fails to address, however, is why it would make any difference. Ehler argues that if the Appeals Committee had considered her claim "under the new terms of the plan, there would have been no reason to deny it." Ehler fails to provide any argument or authority, however, for the proposition that her claim should have been considered under modifications to the Plan which would not become effective until January 1, 2008. As Defendants argue, the relevant issue is whether the Plan administrator abused its discretion in denying Ehler's claim under the terms of the Plan in effect in 2007.

The Court concludes that whether or not the Appeals Committee was aware of the upcoming modifications to the Plan, and whether or not the procedures performed on Ehler would have been covered by the 2008 plan, are irrelevant to any issues before the Court. Accordingly, Ehler's request for the "drafting history" of the 2008 modifications and similar discovery requests are not relevant to any claim or defense in this case and are beyond the scope of FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1). Therefore, Plaintiff's motion to compel discovery will be denied. Similarly, Defendants' motion for a protective order, prohibiting Plaintiff from taking a Rule 30(b)(6) deposition on these subjects, will be granted.

---

[8] "[I]t is disingenuous for the defendant to assert that the Plan had no knowledge of the substance of the these modifications, or the basis for the modifications, at the time it denied Ms. Ehler's claim." *See* Plaintiff's Resistance to Defendant Wheaton Franciscan Medical Plan's Motion for Protective Order at 2 (docket number 33 at 2).

7

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion to Compel discovery (docket number 25) filed by Plaintiff on February 2, 2009 is hereby **DENIED**.

2. The Motion for Protective Order (docket number 30) filed by Defendants on February 9, 2009 is hereby **GRANTED**.

DATED this 18th day of March, 2009.

*[signature]*

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA