IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KYMM M. EHLER,<br><br>Plaintiff,<br><br>vs.<br><br>WHEATON FRANCISCAN MEDICAL PLAN, COVENANT MEDICAL CENTER, INC., and WHEATON FRANCISCAN SERVICES, INC.,<br><br>Defendants. | No. C08-2021<br><br>RULING ON MOTION TO STRIKE |

## *INTRODUCTION*

This matter comes before the Court on the Motion to Strike (docket number 51) filed by Defendants Wheaton Franciscan Medical Plan, Covenant Medical Center, Inc., and Wheaton Franciscan Services, Inc. (collectively "Wheaton") on April 14, 2009; and the Brief in Resistance (docket number 52) filed by Plaintiff Kimm M. Ehler on April 15, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

### *I. ISSUE PRESENTED*

On April 7, 2009, Ehler filed her trial brief. Attached to the brief was an appendix consisting of 15 exhibits. In their instant motion to strike, Wheaton requests that the Court strike and disregard those exhibits.

### *II. PROCEDURAL HISTORY*

On April 9, 2008, Plaintiff Kimm M. Ehler filed a Complaint & Jury Demand (docket number 1) against Wheaton Franciscan Medical Plan, Covenant Medical Center, Inc., and Wheaton Franciscan Services, Inc. Count I claims entitlement to recover from

1

an employee welfare benefit plan, and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 28 U.S.C. § 1001 *et seq.* Ehler also asserted common-law claims of breach of written contract (Count II), breach of oral or implied contract (Count III), and promissory estoppel (Count IV). A proposed scheduling order and discovery plan was adopted by the Court, and a jury trial was scheduled before Chief Judge Linda R. Reade on May 18, 2009.

On January 16, 2009, Wheaton filed a motion for summary judgment, arguing that Ehler's common-law claims were preempted by ERISA. Ehler responded by filing a motion for leave to voluntarily dismiss Counts II, III, and IV with prejudice. On February 2, 2009, the Court entered an Order dismissing with prejudice Ehler's common-law claims.[1]

As a consequence of the dismissal of her common-law claims, the Court struck Ehler's jury demand and ordered, pursuant to Local Rule 16.i, that the case proceed as a standard claim-review case brought under ERISA. The Court subsequently entered an Order adopting a proposed briefing schedule submitted by the parties. Regarding submission of the administrative record, the parties agreed:

> The administrative record has already been filed and is contained as part of the Appendix filed by the Defendants in support of their Motion for Summary Judgment on January 16, 2009 (Docket No. 17).

*See* Scheduling Order for a Claim-Review Case Filed Under ERISA (docket number 46).

On April 7, 2009, Ehler timely filed her Opening Brief on Review of Denial of ERISA Benefits (docket number 49). Attached to the brief is an 80-page appendix, consisting of 15 exhibits. For varying reasons, Wheaton asks that the Court strike and disregard all 15 exhibits.

---

[1] The Court denied Wheaton's motion for summary judgment as moot, but reserved for later determination Wheaton's claim that they are entitled to attorney fees associated with the motion for summary judgment.

2

## III. DISCUSSION

### A. Duplicate Exhibits

First, Wheaton asserts that 7 of the 15 exhibits have already been submitted to the Court as part of the administrative record. Wheaton argues that the exhibits are duplicative, and should be stricken for that reason. In her brief filed in resistance to the instant motion to strike, Ehler does not respond to this argument.

Exhibit 3, entitled "Radiofrequency Ablation in Treating Patients with Unresectable Primary or Metastatic Liver Cancer," appears to be a report from the United States National Institutes of Health regarding a study sponsored by the National Cancer Institute. It is the same report found in Defendants' Appendix at 482-85.[2]

Exhibit 4 appears to be an article from the July 2001 edition of *Radiology* magazine, entitled "Percutaneous Radio-frequency Ablation of Liver Metastases from Breast Cancer: Initial Experience in 24 Patients." The article appears to be identical to that found in Defendants' Appendix at 86-97.[3]

Exhibit 5 appears to be an article published in 2001 in *The Oncologist*, entitled "Radiofrequency Ablation of Malignant Liver Tumors." In their brief filed in support of the motion to strike, Wheaton claims that Exhibit 5 was already submitted to the Court as part of Defendants' appendix.[4] Wheaton claims that the article can be found in Defendants' Appendix at 103-110. It would appear to the Court, however, that the article cited by Wheaton, entitled "Radiofrequency Ablation of Unresectable Primary and

---

[2] *Compare* docket number 49-2 at 14-17, with docket number 17-6 at 43-46.

[3] *Compare* docket number 49-2 at 18-22, with docket number 17-10 at 88-99. While the articles would appear to be identical, the format is somewhat different. Exhibit 4 appears to be the hard-copy article, while the article contained in Defendants' Appendix appears to be a web-based version.

[4] *See* Defendants' Brief in Support of Motion to Strike, at 4, n.1 (docket number 51-2 at 4).

3

Metastatic Hepatic Malignancies," was published in 1999 in *The Annals of Surgery*. While the articles share an author, they do not appear to be identical.[5]

Exhibit 8 appears to be an article published in the October 2007 edition of the *American Journal of Roentgenology*, entitled "Radiofrequency Ablation in the Management of Liver Metastases from Breast Cancer." It appears to be the same as the web-based version found in Defendants' Appendix at 127-144.[6]

Exhibit 11 is a two-page "Operation Record" for a procedure performed on July 20, 2007. It is included in Defendants' Appendix at 72-73.[7]

Exhibit 12 is a two-page letter dated August 1, 2007 from Dr. Daniel A. Katz, addressed "To Whom It May Concern." The letter is found in Defendants' Appendix at 51-52, and the first page of the letter is found again in Defendants' Appendix at 77.[8]

Exhibit 15 is a letter from the Appeals Committee at Wheaton to Ehler, dated November 16, 2007, indicating that her final appeal had been denied. The letter is found in Defendants' Appendix at 1-5.[9]

The Court concludes that Exhibits 3, 4, 8, 11, 12, and 15 duplicate documents already contained in Defendants' appendix and the motion to strike those exhibits will be granted for that reason.

### B. Additional Medical Records

Ehler's Exhibit 9 consists of clinical notes prepared primarily by Dr. Mark W. Karwal on June 27, 2007. Ehler's Exhibit 10 is a radiological consultation report prepared

---

[5] *Compare* docket number 49-2 at 23-33, with docket number 17-11 at 5-12.

[6] *Compare* docket number 49-2 at 46-52, with docket number 17-11 at 31-46.

[7] *Compare* docket number 49-2 at 55-56, with docket number 17-10 at 74-75.

[8] *Compare* docket number 49-2 at 57-58, with docket number 17-10 at 53-54 and 79.

[9] *Compare* docket number 49-2 at 79-83, with docket number 17-10 at 3-7.

following an MRI of Ehler's abdomen on June 27, 2007. Apparently, these two reports were not among the medical records submitted to Wheaton as part of its administrative review.

In its motion to strike, Wheaton asserts, without citation to the record, that in determining the validity of Ehler's claim, "the Plan Administrator has discretionary authority."[10] In her resistance to the instant motion, Ehler does not challenge that assertion. In her trial brief, Ehler argues that Wheaton's decision was "arbitrary and capricious" and an abuse of discretion.

If discretionary authority is *not* given to the plan administrator, then the Court's review of a denial of benefits is *de novo*. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) ("a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."). When the plan gives the administrator discretionary authority, however, then the court employs a "deferential review for abuse of discretion." *Willcox v. Liberty Life Assurance Co.*, 552 F.3d 693, 698 (8th Cir. 2009). *See also Rittenhouse v. United Health Group Long Term Dis. Ins. Plan*, 476 F.3d 626, 628 (8th Cir. 2007) ("The district court reviews de novo a denial of benefits in an ERISA case, *unless* a plan administrator has discretionary power to construe uncertain terms or to make eligibility determinations, when review is for abuse of discretion.").

While Ehler has not formally requested to supplement the record in this case, she implicitly asks that the Court consider the additional medical records filed with her trial brief. "[T]he general rule is that 'review under the deferential standard is limited to

---

[10] In its trial brief, however, Wheaton cites those portions of the Plan which grant the Plan Administrator discretionary authority. *See* Defendants' Brief at 3 (docket number 55 at 5).

5

evidence that was before' the administrator." *Willcox*, 552 F.3d at 698 (quoting *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641 (8th Cir. 1997)).

> [R]eview under the deferential standard is limited "to evidence that was before" the Committee. Even when reviewing a plan's decision *de novo*, courts are discouraged from considering "evidence in addition to that presented" to the Committee. The purpose of this caveat is to "ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators."

*Cash*, 107 F.3d at 641-42 (internal citations omitted).

Even when considering additional evidence in a *de novo* review of an ERISA benefit-denial case, the plaintiff must "show[] good cause for the district court to do so." *Brown v. Seitz Foods, Inc. Disability Ben. Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). In *Brown*, the Court conducted a *de novo* review of the administrator's denial of benefits, since the plan did not contain express discretion-granting language. The plaintiff did not offer any "explanation why he could not have timely provided" the plan administrator with the additional evidence. *Id.* at 1200. Absent any showing of good cause by the plaintiff, the Eighth Circuit Court of Appeals concluded that "the district court abused its discretion when it reviewed [the plan administrator's] decision on an expanded factual record." *Id.* at 1201. The Court reached the same conclusion in *Rittenhouse*:

> In an ERISA benefits-denial case, a district court may consider evidence not in the administrative record "if the plaintiff shows good cause" for its omission. But Rittenhouse makes no such showing here -- he "offered and offers no explanation why he could not have timely provided" the doctors' letters, the letter from his superior, and the Speech-in-Noise hearing test to AIG before it decided his appeal. The district court abused its discretion by considering these documents, which were not in the administrative record. The district court here should have "considered only the evidence that was before the administrator when the claim was denied."

*Rittenhouse*, 476 F.3d at 630-631 (internal citations omitted). *See also Ferrari v. Teachers Ins. and Annuity Ass'n*, 278 F.3d 801, 807 (8th Cir. 2002) ("Admission of evidence outside the administrative record is discouraged on de novo review; however, the district court may admit evidence outside the record in a denial of ERISA benefits case if the participant shows good cause.").

As noted above, this case will be reviewed by the Court for an abuse of discretion by the plan administrator. Under this deferential standard, the review is limited to evidence that was before the administrator. *Willcox*, 552 F.3d at 698. Even if the Court's review was *de novo*, however, Ehler would be required to show good cause why the additional evidence was not submitted to the plan administrator as part of her claim. *Rittenhouse*, 476 F.3d at 630. In this case, Ehler presents no explanation, let alone good cause, why the two medical reports were omitted from the administrative record. Accordingly, the Court concludes that Ehler's implicit request to consider the additional evidence should be denied and Wheaton's motion to strike should be granted.

### C. Generic Reports and Articles

Finally, Ehler also apparently asks that the Court consider additional reports and articles which do not specifically refer to her. In the recent *Willcox* case, the plaintiff submitted 15 exhibits "drawn from publicly available sources" and which did not refer specifically to Willcox. 552 F.3d at 697. The district court noted that "it was generally not appropriate in ERISA cases for a reviewing court to consider evidence outside the administrative record," and decided to remand the case to the plan administrator to consider the plaintiff's 15 proffered exhibits. The Eighth Circuit concluded that the district court did not abuse its discretion in remanding the case to the plan administrator, but noted that remand was one of the alternative positions taken by the plan administrator. "[The plan administrator] should not now be heard to complain that the district court followed a path which the company itself had suggested as an alternative." *Id.* at 700. In this case, neither Ehler nor Wheaton seeks a remand.

The Court in *Willcox* discussed the admissibility of "generic materials" which are intended to provide the district court with "context and guidance." While noting that the Fifth Circuit Court of Appeals has adopted a practice which would permit such exhibits, the Eighth Circuit did not address the issue directly. *Id.* at 699 ("even if we decline to adopt a general rule permitting reviewing courts to consider generic medical exhibits in ERISA cases, the district court did not take it upon itself to review and consider the new evidence, but rather asked [the plan administrator] to do so.").[11] In her one-paragraph resistance to Wheaton's instant motion to strike, Ehler cites an Eleventh Circuit case and a district court case from the Western District of Missouri. Neither of those cases, however, addressed the issue of supplementing the administrative record. For the reasons set forth above, the Court concludes that Ehler is not permitted to present evidence on review which was not previously submitted to the plan administrator. Accordingly, the motion to strike will be granted.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Strike (docket number 51) filed by Wheaton is hereby **GRANTED**. The Appendix (docket number 49-2) filed with Ehler's trial brief will not be considered by the Court as part of its review.

DATED this 22nd day of April, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[11] While concluding that it was not an abuse of discretion for the district court to remand the case, the court noted that "the subsequent inclusion of personal materials in addition to the generic exhibits was more problematic." *Willcox*, 552 F.3d at 700.